**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
**CASE NO.:**

**HEROLD PIERRE,**
**an Individual,**

**Plaintiff,**

**v.**

**GOLD COAST BEVERAGE, L.L.C.,**
**a Foreign Limited Liability Company,**

**Defendant.**
_______________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, **HEROLD PIERRE** ("Plaintiff"), by and through his undersigned counsel, hereby files this Complaint against Defendant, **GOLD COAST BEVERAGE, L.L.C.** ("Defendant"), and states as follows:

1. Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"), and for violation of Florida's Workers' Compensation Retaliation statute ("WCRS") at Section 440.205, Florida Statutes.

2. Plaintiff is seeking recovery from for back pay, an equal amount as liquidated damages, other monetary damages, reinstatement, compensatory damages, injunctive relief, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

**PARTIES, JURISDICTION, AND VENUE**

3. Plaintiff is an adult individual.

4. Defendant is a Foreign Limited Liability Company that is located and conducts business in Broward County, Florida.

5. This Court has jurisdiction over Plaintiff's FMLA claims pursuant to 28 U.S.C. § 1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq*.

6. This Court also has supplemental jurisdiction over Plaintiff's WCR claims, as they arise out of the same operative facts and circumstances as his FMLA claims.

7. At all times relevant hereto, Plaintiff was an employee of Defendant, and worked for Defendant in Broward County, Florida.

8. Defendant is a Foreign Limited Liability Company that is located and does business in Broward County, Florida, and is therefore within the jurisdiction of this Court.

9. Plaintiff worked for Defendant in Broward County, Florida, and therefore the proper venue for this case is the Fort Lauderdale Division of the Southern District of Florida.

10. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

11. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that: (a) Plaintiff suffered from a serious health condition as defined by the FMLA, necessitating Plaintiff to take FMLA leave to treat same; and (b) he was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to his seeking to exercise his rights to FMLA leave.

12. At all times relevant hereto, Defendant was an "employer" within the meaning of the WCRS.

## FACTUAL ALLEGATIONS

13. Mr. Pierre worked for Defendant as a Driver from July 26, 2017, until his termination on June 7, 2024.

14. During his tenure, Mr. Pierre was an excellent employee, who had no significant history of non-FMLA/WCR related attendance, performance, or disciplinary issues.

15. Mr. Pierre's job duties involve delivering beer products, which involved bending and lifting heavy objects.

16. On May 24, 2024, while performing a delivery at a grocery store, Mr. Pierre injured himself while lifting a case of beer, which caused Mr. Pierre to be unable to walk and lift.

17. The employees at the grocery store had to finish the job for Mr. Pierre because he was too injured to complete the job himself.

18. On Tuesday, May 28, 2024, Mr. Pierre's next scheduled work day, Mr. Pierre called Defendant Transportation Supervisor Dariel Jones ("Mr. Jones") to inform Defendant about his injury and his inability to come into work that day.

19. Defendant had no response to Mr. Jones's report and did not direct him to a worker's compensation physician.

20. On May 30, 2024, Mr. Pierre visited the Emergency Center in Lake Worth, where he was diagnosed with a bulging lumbar disc.

21. Mr. Pierre was recommended to be given light duty until further cleared by doctors.

22. Mr. Pierre sent a text message with the doctor's note to Supervisor Mike Marshall ("Mr. Marshall").

23. On June 6, 2024, Mr. Pierre retuned to the office.

24. When Mr. Pierre arrived, Manager Jason Garcia ("Mr. Garcia") brought Mr. Pierre into the office, and demanded to know why he had not been into work recently.

25. Mr. Pierre notified Mr. Garcia that he reported his workplace injury to Mr. Marshall, which Mr. Marshall confirmed.

26. Still, Mr. Garcia sent Mr. Pierre home for the day.

27. The next day, on June 7, 2024, Mr. Jones informed Mr. Pierre that Defendant had decided to terminate his employment, effective immediately.

28. It is evident that Defendant terminated Mr. Pierre's employment for his worker's compensation eligible injury, and because he suffered a serious health condition, and required FMLA leave for same claim.

29. Any other "reason" theorized after the fact by Defendant or its attorneys for Defendant's termination of Mr. Pierre's employment is pure pretext.

30. Defendant's adverse employment actions recounted herein were taken in interference with, and retaliation for, Plaintiff disclosing his serious health condition and for taking protected FMLA leave.

31. Defendant's actions were unlawful and constitute actionable violations of the FMLA.

32. Plaintiff was unquestionably engaging in statutorily protected conduct (disclosing his serious, FMLA eligible health condition), and unquestionably suffered an adverse employment action (termination).

33. The timing of Defendant's interfering and retaliatory actions toward Plaintiff conclusively establishes that crucial aspect of Plaintiff's *prima facie case.*

34. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

35. Any reason provided by Defendant for its actions is a pretext, designed to cover up FMLA interference and retaliation.

36. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

37. The timing of Plaintiff's disclosure of his serious health condition and his use of protected FMLA leave and Defendant's termination of his employment, alone demonstrates a causal and temporal connection between his protected activity and the illegal actions taken against him by Defendant.

38. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for his use of protected FMLA leave.

39. Defendant retaliated against Plaintiff after he had reported a workplace injury and pursued workers' compensation benefits, in violation of the WCRS.

40. Defendant's actions are the exact type of unfair and retaliatory employment practices the WCRS was intended to prevent.

41. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

42. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

43. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

**COUNT I: UNLAWFUL INTERFERENCE UNDER THE FMLA**

44. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 5, 7 through 11, 13 through 18, 20 through 38, and 41 through 43, above.

45. At all times relevant hereto, Plaintiff was protected by the FMLA.

46. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

47. At all times relevant hereto, Defendant interfered with Plaintiff by failing to restore Plaintiff to the same position or an equivalent position after his return from FMLA leave.

48. As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

49. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding him back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

**COUNT II: UNLAWFUL RETALIATION UNDER THE FMLA**

50. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 5, 7 through 11, 13 through 18, 20 through 38, and 41 through 43, above.

51. At all times relevant hereto, Plaintiff was protected by the FMLA.

52. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

53. At all times relevant hereto, Defendant retaliated against Plaintiff by terminating him for his use of FMLA-protected leave.

54. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff disclosed his serious health condition and his use of leave pursuant to the FMLA.

55. As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for attempting to exercise his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

56. As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding him back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

**COUNT III: RETALIATION IN VIOLATION OF WCRS**

57. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 4, 6 through 9, 12 through 29, and 39 through 43, above.

58. Plaintiff engaged in protected activity when he reported his workplace injury, sought medical treatment, filed or attempted to file a workers' compensation claim, and pursued benefits arising from his May 24, 2024 injury.

59. Defendant terminated Plaintiff from his employment in violation of the WCRS.

60. Plaintiff was retaliated and terminated in violation of the WCRS for pursuing his legal rights to workers' compensation benefits.

61. As a result of Defendant's intentional, willful and unlawful actions, Plaintiff has suffered damages, including, but not limited to, lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering and other monetary and non-monetary losses.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding him back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory

relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 4th day of June, 2026.

Respectfully Submitted,

***/s/ Tanner M. Borges***

Tanner M. Borges, Esq.
Florida Bar No. 1035473
RICHARD CELLER LEGAL, P.A.
7951 SW 6th St, Suite 316
Plantation, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-Mail: tanner@floridaovertimelawyer.com

*Counsel for Plaintiff*