UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 0:26-cv-61626-WPD

HEROLD PIERRE,
an Individual,

Plaintiff,

v.

GOLD COAST BEVERAGE, L.L.C.,
a Foreign Limited Liability Company,

Defendant.
_______________________________________/

**DEFENDANT'S ANSWER AND STATEMENT OF DEFENSES**

Defendant GOLD COAST BEVERAGE, L.L.C. ("Defendant"), by and through its undersigned counsel, hereby files its Answer and Statement of Defenses, and answers the consecutively numbered paragraph of Plaintiff's Complaint as follows:

1. Defendant admits that Plaintiff purports to bring this as an action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. §2601, et seq. ("the FMLA"), and for violation of Florida Workers' Compensation Retaliation statute ("WCRS") at Section 440.205, Florida Statutes. Defendant denies that it violated the FMLA, the WCRS, or any other law.

2. Defendant admits that Plaintiff purports to seek recovery of back pay, liquidated damages, other monetary damages, reinstatement, compensatory damages injunctive relief, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs. Defendant denies that Plaintiff is entitled to recover any damages in the instant

**PARTIES, JURISDICTION, AND VENUE**

3. Defendant admits the allegations contained in Paragraph 3 of the Complaint.

4. Defendant denies the allegations contained in Paragraph 4 of the Complaint, except Defendant admits that it is a foreign limited liability company that conducts business in Broward County, Florida.

5. Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6. Defendant admits the allegations contained in Paragraph 6 of the Complaint.

7. Defendant denies the allegations contained in Paragraph 7 of the Complaint, except Defendant admits that it employed Plaintiff and that Plaintiff worked for Defendant in Broward County, Florida.

8. Defendant denies the allegations contained in Paragraph 8 of the Complaint, except Defendant admits that it is a foreign limited liability company that conducts business in Broward County, Florida and that it is within the jurisdiction of the U.S. District Court for the Southern District of Florida.

9. Defendant admits the allegations contained in Paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint solely contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this Paragraph, except Defendant admits that it employed 50 or more employees within 75 miles of where Plaintiff worked.

11. Paragraph 11 of the Complaint solely contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this Paragraph.

12. Paragraph 12 of the Complaint solely contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this Paragraph, except Defendant admits that it employed Plaintiff.

## FACTUAL ALLEGATIONS

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint, except Defendant admits that Plaintiff worked for Defendant as a Delivery Driver.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant admits the allegations contained in Paragraph 15 of the Complaint.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint, and, therefore, Defendant denies the allegations on this basis.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint, and, therefore, Defendant denies the allegations on this basis.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint, and, therefore, Defendant denies the allegations on this basis.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint, and, therefore, Defendant denies the allegations on this basis.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint, except Defendant admits that Plaintiff's employment was terminated in 2024.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. Defendant admits that Plaintiff has retained the counsel in the signature block of the Complaint to represent him in this case. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation regarding any financial agreement between Plaintiff and his counsel and therefore, Defendant denies that allegation on this basis.

**COUNT I: UNLAWFUL INTERFERENCE UNDER THE FMLA**

44. Defendant reaffirms and re-alleges its answers to Paragraphs numbered 1 through 5, 7 through 11, 13 through 18, 20 through 38, and 41 through 43, as if stated herein in full.

45. Paragraph 45 of the Complaint solely contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in this Paragraph.

46. Paragraph 46 of the Complaint solely contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in this Paragraph, except Defendant admits that the FMLA prohibits interference.

47. Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in Paragraph 48 of the Complaint

49. Defendant denies the allegations contained in Paragraph 49 of the Complaint.

Defendant denies that Plaintiff is entitled to any of the relief requested in the ad damnum clause of Count I of the Complaint.

**COUNT II: UNLAWFUL RETALIATION UNDER THE FMLA**

50. Defendant reaffirms and re-alleges its answers to Paragraphs numbered 1 through 5, 7 through 11, 13 through 18, 20 through 38, and 41 through 43, as if stated herein in full.

51. Paragraph 51 of the Complaint solely contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in this Paragraph.

52. Paragraph 52 of the Complaint solely contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in this Paragraph, except Defendant admits that the FMLA prohibits retaliation.

53. Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54. Defendant denies the allegations contained in Paragraph 54 of the Complaint

55. Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56. Defendant denies the allegations contained in Paragraph 56 of the Complaint.

Defendant denies that Plaintiff is entitled to any of the relief requested in the ad damnum clause of Count II of the Complaint.

**COUNT III: RETALIATION IN VIOLATION OF WCRS**

57. Defendant reaffirms and re-alleges its answers to Paragraphs numbered 1 through 4, 6 through 9, 12 through 29and 39 through 43, as if stated herein in full.

58. Paragraph 58 of the Complaint solely contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in this Paragraph.

59. Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60. Defendant denies the allegations contained in Paragraph 60 of the Complaint

61. Defendant denies the allegations contained in Paragraph 61 of the Complaint.

Defendant denies that Plaintiff is entitled to any of the relief requested in the ad damnum clause of Count III of the Complaint.

**DEMAND FOR JURY TRIAL**

Defendant admits that Plaintiff demands a trial by jury on all issues so triable.

**STATEMENT OF DEFENSES**

As separate defenses and without conceding that Defendant bears the burden of proof or persuasion as to any of them, Defendant alleges as follows:

1. Plaintiff's claims are barred, in whole or in part, to the extent that he failed to satisfy jurisdictional prerequisites and other conditions precedent to bringing suit.

2. This action is barred to the extent that Plaintiff's claims are subject to mandatory and final arbitration.

3. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

4. Plaintiff's claims are barred to the extent that, if any employee of Defendant acted in a manner that violated Plaintiff's rights and/or caused him harm, any actions were committed outside the scope and course of the employee's employment and without Defendant's consent, knowledge, or ratification.

5. To the extent it is discovered that Plaintiff engaged in conduct that would have resulted in termination of his employment with Defendant, or would have precluded him from engaging in further employment, Plaintiff is subject to the after-acquired evidence doctrine and limited in his recovery of remedies.

6. Plaintiff's claim for damages may be barred, in whole or in part, to the extent he reasonably failed to mitigate his damages. Defendant is entitled to a set-off against Plaintiff's claim for damages in the amount that he did or could have earned through reasonable efforts.

7. To the extent Plaintiff seeks liquidated damages, such relief is barred because Defendant did not act willfully and always acted in good faith.

Defendant reserves the right to amend or add any additional defenses that may become known during the course of discovery.

**WHEREFORE** Defendant respectfully requests that this Court: (a) dismiss Plaintiff's Complaint with prejudice; (b) deny Plaintiff's demands and prayer for relief; and (c) grant such other and further relief as the Court deems just and proper.

DATED this 26th day of June 2026.

Respectfully submitted,

**LITTLER MENDELSON, P.C.**
Miami Tower
100 S.E. 2nd Street, Suite 4300
Miami, Florida 33131
Tel: (305) 400-7500

By: /s/ Daniel J. Barroukh
Aaron Reed
Florida Bar No. 0557153
E-mail: areed@littler.com
Daniel J. Barroukh
Florida Bar No. 1049271
E-mail: dbarroukh@littler.com

Counsel for Defendant

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 26th day of June 2026, a true and correct copy of the foregoing was electronically filed and served via transmission of Notice of Electronic Filing generated by CM/ECF, as well as via E-mail, on all counsel or parties of record on the Service List below, and also via any additional manner noted below.

/s/ Daniel J. Barroukh
Daniel J. Barroukh

**<u>SERVICE LIST</u>**

**Counsel for Plaintiff:**

Tanner M. Borges
**RICHARD CELLER LEGAL, P.A.**
7951 S.W. 6th Street, Suite 316
Plantation, Florida 33324
E-mail: *tanner@floridaovertimelawyer.com*
***Served via CM/ECF and via E-mail***